# CIRCUIT COURT OF THE CITY OF NORFOLK

Chloe L. Ott

v.

John H. Baker
and Hillcrest Clinic, Ltd.

May 25, 2000

Case No. (Law) L00-566

BY JUDGE MARC JACOBSON

Defendants John H. Baker, M.D., and Hillcrest Clinic, Ltd., have each filed Demurrers to Count 3 of the Motion for Judgment filed herein alleging that Count 3 does not state a cognizable claim for or upon which relief may be granted for a violation of the Virginia Consumer Protection Act (Act).

Chloe L. Ott alleges that on or about March 16, 1998, she presented to Hillcrest for pregnancy counseling, alleging that it was her belief that she was in her first trimester of pregnancy and based on that belief scheduled an abortion at Hillcrest and paid the fee for the procedure. Thereafter Plaintiff alleges she was advised by Baker, a physician licensed to practice medicine in Virginia and alleged to be an agent or a joint venturer of Hillcrest, that she was in her second trimester of pregnancy and that performing a second trimester abortion would cost more money. Plaintiff alleges that Baker did not advise her of any additional risks associated with this later-term abortion. Plaintiff paid an additional fee for the second trimester abortion. Before the procedure Plaintiff was given an alleged consent form to sign and Plaintiff alleges that the form was "not explained to her in layman terms nor did the consent set out the additional risks associated with performing a second-trimester abortion." Pl. M. for J. ¶ 15.

During the course of the procedure which was performed by Baker, Plaintiff alleges that she was in such pain in her pelvic area that she required additional anesthesia and that Baker continued the procedure anyway. Two days later Plaintiff returned to Hillcrest with various complaints and alleges

Hillcrest employees, including Baker, performed an ultrasound, prescribed medication, and sent her home. Three days later she again returned to Hillcrest with the same symptoms and alleges that Baker "fraudulently and with the intent to mislead and cover up his own negligence, noted that the plaintiff 'looks and feels fine'." Pl. M. for J. ¶ 23.

Plaintiff alleges she went to Mary Immaculate Hospital on March 25, 1998, was diagnosed, alleges she required surgery as a result of the alleged conduct of Baker and Hillcrest, and continues to have residual problems. Plaintiff alleges Baker and Hillcrest knew or should have known that Hillcrest was not a hospital licensed to perform second trimester abortions and that Baker performed an illegal second-trimester abortion on Plaintiff.

Plaintiff alleges in Count 3 of her Motion for Judgment that the actions taken by Baker and Hillcrest were "in violation of the Virginia Consumer Protection Act, or willful and were done with full knowledge and consent of the defendants." Pl. M. for J. ¶ 49.

The intent of the Act is clearly set forth in Virginia Code § 59.1-197, which reads as follows:

> *Intent* — It is the intent of the General Assembly that this chapter shall be applied as remedial legislation to promote fair and ethical standards of dealings between suppliers and the consuming public.

Virginia Code § 59.1-199 of the Act provides certain exclusions as follows:

> *Exclusions* — Nothing in this chapter shall apply to:
> A. Any aspect of a consumer transaction which aspect is authorized under laws or regulations of this Commonwealth or the United States, or the formal advisory opinions of any regulatory body or official of this Commonwealth or the United States.

Clearly there are various statutes and regulations in Virginia which refer to and govern abortions as well as health care.

The issue and/or question of Medical Malpractices is specifically dealt with in Chapter 21.1 of Title 8.01 of the Virginia Code, and § 8.01-581.1 defines "health care" as follows:

> "Health care" means any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical diagnosis, care, treatment or confinement.

Article 9 of Chapter 4 of Title 18.2 deals extensively with "Abortion."

It is clear that health care and abortions fall within the exclusion set forth in Virginia Code § 59.1-199. The Demurrers of Baker and Hillcrest as to Paragraphs 46 and 48 of Plaintiff's Motion for Judgment are sustained and Plaintiff's Motion for Judgment as to said paragraphs 46 and 48 only is dismissed.